UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ESTATE OF JAMES T. BULLOCK et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Cause No. 1:08-cv-1530-WTL-JMS |
| ) | |
| CORRECTIONAL MEDICAL SERVICES, ) | |
| INC. et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ENTRY ON MOTION TO AMEND JUDGMENT AND ON COSTS**

Before the Court is the Plaintiffs' Motion to Amend Judgment (Docket No. 87). This motion is fully briefed, and the Court, being duly advised, now **DENIES** the motion for the reasons set forth below.

Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. Int'l Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1988). The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion: (1) newly-discovered evidence; (2) an intervening change in the law; and (3) manifest error in law. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998).

There was in this case no manifest error of law or fact. The Court did not misapprehend the Plaintiffs' claims, nor did it misapply the law to those claims in light of the applicable law.

Accordingly, the Plaintiffs' Motion to Amend Judgment (Docket No. 87) is **DENIED**.

Having denied the Plaintiffs' motion to amend, the Court now turns to the Defendants' Bills of Costs and the Plaintiffs' objections thereto. Federal Rule of Civil Procedure 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." The Court granted the Defendants' motion for summary judgment in this case, making them prevailing parties. Accordingly, Correctional Medical Services ("CMS") and Marion County Sheriff Frank Anderson ("Sheriff Anderson") each have filed a Bill of Costs.

The Plaintiffs suggest that no costs should be assessed against them because the Defendants are not "prevailing parties." The Plaintiffs cite no authority for this proposition. *Hensley v. Echerhart*, 461 U.S. 424, 433 (1983), defines a prevailing party for attorney's fee purposes as a party that "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." The Plaintiffs also argue that awarding costs to the Defendants "would create a chilling effect on Plaintiffs who might otherwise include federal claims in a lawsuit that is mostly based on [a] state law claim." Docket No. 84 at 2. There is no exemption from Rule 54(d)(1) for plaintiffs who bring both state and federal claims, however, and this Court is not inclined to create one.

The Plaintiffs next object to several of the specific items listed on the Defendants' Bills of Costs. With respect to CMS, the Plaintiffs claim that CMS is not entitled to costs for the depositions of Mrs. Bullock, Dr. Pless, and other expert witnesses because these depositions will be used in the ongoing state court case. While this may be true, these depositions were necessary to CMS's motion for summary judgment, which effectively ended the federal case

against it. Thus, with respect to the depositions, the Plaintiffs' objection is overruled. Similarly, the Plaintiffs' objection to Sheriff Anderson's transcript costs is also overruled. Like the depositions, the transcripts were crucial to Sheriff Anderson's motion for summary judgment. Finally, the Plaintiffs also object to reimbursing Sheriff Anderson $350.00 for the federal filing fee. The Court sustains this objection. It was Sheriff Anderson's choice to remove this case from state court. The Plaintiffs are not obligated to pay the federal filing fee.

Finally, the Court notes that CMS claimed $197.67 in "other costs." As an initial matter, CMS's math is incorrect. Having reviewed the itemized receipts, CMS actually incurred $199.67 in "other costs." This breaks down to $100.15 for travel and $99.52 for legal research fees. However, legal research fees are not taxable as costs. Accordingly, the $99.52 that CMS spent on legal research will not be taxed to the Plaintiffs.

**Therefore, the Court awards Defendant Sheriff Anderson costs in the amount of $324.22 and awards Defendant CMS costs in the amount of $4,379.19.**

SO ORDERED:   05/21/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

James F. Bleeke
Sweetin & Bleeke PC
jim@sweetinbleeke.com

Jeb Adam Crandall
Sweetin & Bleeke PC
jeb@sweetinbleeke.com

Adam Lenkowsky
Roberts & Bishop
alenkowsky@roberts-bishop.com

Jonathan Lamont Mayes
City of Indianapolis, Corporation Counsel
jmayes@indygov.org

Paul K. Ogden
Roberts & Bishop
pogden@roberts-bishop.com

Anthony W. Overholt
Frost Brown Todd LLC
aoverholt@fbtlaw.com

Justin F. Roebel
City of Indianapolis, Office of Corporation Counsel
jroebel@indygov.org